### SELNER v. LYONS.

(Supreme Court, Appellate Term. June 5, 1908.)

LIVERY STABLE KEEPERS—LIEN.

> An owner and keeper of a livery stable, who boarded horses by the month at so much per stall, but did not feed or care for them, is entitled to a lien as a livery stable keeper, within Lien Law, Laws 1897, p. 533, c. 418, § 74, as amended by Laws 1899, p. 942, c. 465, giving a person keeping a livery stable, or a boarding stable, or boarding animals, a lien for the care, keeping, or boarding of such animals; and the relation between the parties was not that of landlord and tenant.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Emilie Selner against Martin Lyons. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Max Salomon, for appellant.
Daniel F. Cohalon, for respondent.

PER CURIAM. This is an action brought by plaintiff to recover possession of certain horses belonging to her, which defendant is al-

leged to wrongfully withhold from plaintiff. It is conceded that the horses are the property of the plaintiff; but the defendant defends the action, claiming that he has a lien on the horses under section 74 of the lien law of 1897 (Laws 1897, p. 533, c. 418), as amended by chapter 465, p. 942, of the Laws of 1899.

That statute gives a person keeping a livery stable, or a boarding stable for animals, or pasturing or boarding one or more animals, or who in connection therewith keeps or stores any wagon, truck, etc., a lien, dependent upon the possession of each animal kept, pastured, or boarded by him, for the sum due him for the care, keeping, boarding, or pasturing of the animal, etc. The testimony of the defendant was that he was the owner and keeper of a livery stable, and boarded the plaintiff's horses for $7 a month per stall. Defendant did not feed or care for the horses.

The plaintiff raises the question that the defendant is not entitled to a lien as a livery stable keeper, as the relation between the parties was that of landlord and tenant. We are, however, of the opinion that the facts entitled the defendant to a lien as a livery stable keeper, and the judgment in favor of the defendant should therefore be affirmed with costs.

Judgment affirmed, with costs.